

ENTERED
03/29/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BENDCO, INC. | § | CASE NO. 18-30849 |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**AGREED ORDER FOR USE OF CASH COLLATERAL PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND PROVIDING ADEQUATE
PROTECTION AND GRANTING LIENS AND SECURITY INTERESTS**
(Docket No. 26)

Upon the Motion for Use of Cash Collateral (the "Motion") pursuant to Sections 105, 361, 363 and 364 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001, filed by Bendco, Inc. ("Debtor"), subject to the terms and conditions set forth herein, including the (i) granting of replacement mortgages, security interests, liens and claims for the benefit of Bank of America (the "Secured Lender"), Post-petition which are co-extensive with their Pre-petition liens (to the extent of such liens, if any) and (ii) grant of such replacement mortgages, security interests, liens and claims in order to provide adequate protection to the Secured Lender as more fully set forth herein, and upon the proceedings held before this Court and good and sufficient cause appearing therefore,

THE COURT HEREBY FINDS:

A.   On February 28, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

B.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     An immediate and critical need exists for the Debtor to obtain funds in order to continue the operation of its business. Without such funds, the Debtor will not be able to pay its direct operating expenses and obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate. At this time, the Debtor's ability to use Cash Collateral is vital to the confidence of the Debtor's vendors and suppliers of the goods and services, to the customers and to the preservation and maintenance of the going concern value of the Debtor's estate.

D.     Secured Lender may claim that substantially all of the Debtor's assets are subject to the Prepetition Liens of the Secured Lender, including a lien on accounts receivable relevant to the Motion.

E.     The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). The permission granted herein to allow the Debtor to obtain the use of Cash Collateral financing is necessary to avoid immediate and irreparable harm to the Debtor. This Court concludes that entry of this Order is in the Debtor's best interest and its estate and creditors as its implementation will, among other things, allow for the continued operation and rehabilitation of the Debtor's existing business.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that the Debtor be, and hereby is, authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral subject to the protections and consideration described in this Order in the amounts and for the expenses set forth on the monthly budget

attached hereto. The Debtor, without the prior written approval of the Secured Lender should not incur expenses for any line item for an amount that exceeds the lesser of the amount for such line item in the budget and the actual expenditure for such line item plus 10%. The Debtor is authorized to collect and receive all cash funds. The Debtor shall account each month to the Secured Lender for all funds received. There shall be no payment of accrued professional fees without a prior court order. For purposes of this Order, "proceeds" of any of the Secured Lender's collateral shall mean Proceeds (as defined in the Uniform Commercial Code) of such collateral security for all Cash Collateral permitted to be used hereunder by the Debtor. The Secured Lender is hereby granted valid, binding, enforceable, and perfected liens (the "Post-petition Liens") co-extensive with the Secured Lender's pre-petition liens in all currently owned or hereafter acquired property and assets of the Debtor, of any kind or nature, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising in all proceeds and products, including, without limitation, all accounts receivable, general intangibles, inventory, and deposit accounts coextensive with their pre-petition liens. Nothing herein shall grant a lien on, interest in or claim on Chapter 5 causes of action. Nothing herein shall prime the liens of the taxing authorities. The Debtor is permitted to pay U.S. Trustee fees incurred during this case; it is further

**ORDERED** that as adequate protection for the diminution in value of the interests of the Secured Lender, the Secured Lender is hereby granted replacement liens and security interests, in accordance with Bankruptcy Code Sections 361, 363, 364(c)(2), 364(e), and 552, co-extensive with its pre-petition liens; it is further

**ORDERED** that the replacement liens granted to the Secured Lender in this Order are automatically perfected without the need for filing of a UCC-1 financing statement with the Secretary of State's Office or any other such act of perfection; it is further

**ORDERED** that all cash accounts of Debtor and all accounts receivable collections by Debtor post-petition shall be deposited in a separate cash collateral account, being Debtor's debtor-in-possession accounts; it is further

**ORDERED** that as adequate protection in accordance with Section 363(e) of the Bankruptcy Code, the Debtor shall pay to the Secured Lender on the 1st day of the month the monthly contractual amount due on the debt totaling $10,000.00. Those continued monthly payments will adequately protect Bank of America for use of cash collateral. The use of cash collateral and the adequate protection payments should continue subject to further Order of this Court; it is further

**ORDERED** that from and after the Petition Date, the proceeds of the Pre-petition Collateral and the Post-petition Collateral shall not, directly or indirectly, be used to pay expenses of the Debtor or otherwise disbursed except for those expenses and/or disbursements that are expressly permitted herein and as shown on the Debtor's Budget attached hereto as **Exhibit "1"** plus 10% per line item. During the pendency of this order, the Debtor will maintain insurance on the Secured Lender's collateral and pay taxes when due. The automatic stay under Section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to permit the Secured Lender to retrieve, collect and apply payments and proceeds in respect of the Pre-petition Collateral and Post-petition Collateral in accordance with the terms and provisions of this Order. The Debtor shall execute and deliver to the Secured Lender all such agreements, financing statements, instruments and other documents as the Secured Lender

may reasonably request to evidence, confirm, validate or perfect the liens granted pursuant hereto. The Debtor shall deliver a copy of its Monthly Operating Report to the Secured Lender's counsel by the 20th day of each month for the prior month. Lender may audit the books and records on site monthly with reasonable notice to the Debtor and its counsel; it is further

**ORDERED** that the provisions of this Order shall be binding upon and inure to the benefit of the Secured Lender and the Debtor. However, nothing herein shall prevent the Secured Lender from seeking any form of relief under the Bankruptcy Code. The Debtor shall serve by U. S. mail, first class postage prepaid, copies of the Motion, this Order on (a) the Office of the U. S. Trustee; (b) counsel to Bank of America; (c) all creditors in this case on the Matrix and (d) all parties requesting notice in this case. Copies of the Motion, this Order shall be served upon all persons requesting service of papers pursuant to Bankruptcy Rule 2002 by U. S. mail, first class postage prepaid, within one business day following the receipt of such request.

# # # END OF ORDER # # #

Signed: March 29, 2018.

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

Agreed:

/s/ Richard L. Fuqua, II
Richard L. Fuqua, II
State Bar No.
Fuqua & Associates, PC
5005 Riverway, Ste. 250
Houston, TX 77056
Proposed Attorney for Debtor

AGREED ORDER ON DEBTOR'S MOTION FOR USE OF CASH COLLATERAL
Page 5
435003

/s/ Richard Dafoe
Richard Dafoe
State Bar No. 05309500
Vincent Serafino Geary Waddell Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, TX 75201
Attorneys for Bank of America

# EXHIBIT 1

# BENDCO INC.
# EXPENSES
# MARCH 2018 - PAGE 1

| | | |
|---|---:|---:|
| **PROJECTED SALES** | $ | 250,000.00 |
| | | |
| ADVERTISING | $ | 200.00 |
| MEALS & ENTERTAINMENT | $ | 500.00 |
| MILEAGE REIMBURSEMENT | $ | 200.00 |
| TECH BOOKS | $ | 200.00 |
| JOB BOSS | $ | 300.00 |
| WORKERS COMP | $ | 5,000.00 |
| INSURANCE - LIABILITY BUILDING | $ | 7,500.00 |
| CONSULTING FEES | $ | 1,000.00 |
| OFFICE SUPPLIES | $ | 700.00 |
| UNIFORM EXPENSE | $ | 300.00 |
| ACCRUED PROPERTY TAXES | $ | 11,000.00 |
| ACCRUED FRANCHISE TAXES | $ | 2,000.00 |
| CELL PHONES | $ | 500.00 |
| JANITORIAL | $ | 1,000.00 |
| SALARIES - SALES | $ | 13,000.00 |
| SALARIES - ACCOUNTING | $ | 10,500.00 |
| SALARIES - OFFICERS | $ | 12,000.00 |
| SALARIES - SHOP | $ | 95,000.00 |
| BANK LOAN - PAYABLE TO BOA AS ADEQUATE PROTECTION | $ | 10,000.00 |
| BANK CHARGES FOR DIP ACCOUNT | $ | 100.00 |
| LEGAL & PROFESSIONAL | $ | 15,000.00 |

# BENDCO INC.
# EXPENSES
# MARCH 2018 - PAGE 2

| | | |
|---|---:|---:|
| JOB PURCHASES | $ | 1,500.00 |
| CONTRACT SERVICES | $ | 10,000.00 |
| SHOP SUPPLIES | $ | 5,000.00 |
| AUTO EXPENSE | $ | 1,500.00 |
| DELIVERY & FREIGHT | $ | 500.00 |
| R & M OFFICE BUILDING | $ | 1,000.00 |
| R & M TRANSPORTATION | $ | 550.00 |
| EQUIPMENT RENTAL | $ | 6,000.00 |
| R & M EQUIPMENT | $ | 3,000.00 |
| R & M CRANES | $ | 1,000.00 |
| R & M SHOP BUILDING | $ | 500.00 |
| UTILITIES - ELECTRIC, WATER, PHONE & GAS | $ | 17,000.00 |
| COMPUTER EXPENSES | $ | 2,000.00 |
| COPY MACHINE LEASE | $ | 2,000.00 |
| POSTAGE MACHINE LEASE | $ | 1,500.00 |
| R-7 MACHINE #1 | $ | 3,000.00 |
| R-5 MACHINE | $ | 2,500.00 |
| AKYAPAK | $ | 5,000.00 |
| **TOTAL EXPENSES** | $ | 249,550.00 |
| **TOTAL PROFIT** | $ | 450.00 |