UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
HENRY G. HOBBS, JR.
ACTING UNITED STATES TRUSTEE
REGION 7, SOUTHERN and WESTERN DISTRICTS OF TEXAS
HECTOR DURAN
TRIAL ATTORNEY
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone:  (713) 718-4650 x 241
Fax:  (713) 718-4670

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| BENDCO, INC. | § | 18-30849 (DRJ) |
| | § | (Chapter 11) |
| DEBTOR | § | |

### EMERGENCY MOTION OF THE UNITED STATES TRUSTEE TO APPOINT CHAPTER 11 TRUSTEE, OR IN THE ALTERNATIVE, TO DISMISS CASE, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7

**BLR 9013-1(i) NOTICE**:  EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**BLR 9013-1(b) NOTICE**:  THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF IS NEEDED BY APRIL 10, 2018, DUE TO DEBTOR'S FAILURE TO MAINTAIN INSURANCE.**

TO THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

COMES NOW Henry G. Hobbs, Jr., the Acting United States Trustee for Region 7, by and through the undersigned counsel, who respectfully moves this Court for emergency relief due to the Debtor's failure to maintain insurance in the form of an order directing appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1), or in the alternative, for an order dismissing this case under 11 U.S.C. § 1112(b), or in the alternative, for an order converting the case to chapter 7 under 11 U.S.C. § 1112(b), and represents as follows:

## I. Jurisdiction, Venue & Constitutional Authority to Enter a Final Order

1.  The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

2.  The Court has constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Acting United States Trustee consents to the entry of a final order or judgment by this Court in this matter.

3.  Henry G. Hobbs is the duly appointed Acting United States Trustee for Region 7, which includes the Southern District of Texas, under 28 U.S.C. § 581(a)(7).

4.  Pursuant to 11 U.S.C. § 307, the Acting United States Trustee has standing to appear and be heard on any issue in a case or proceeding under the Bankruptcy Code.

5.  Pursuant to 28 U.S.C. § 586(a)(3), the Acting United States Trustee is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the Acting United States Trustee is charged with a number of supervisory responsibilities in bankruptcy cases under chapter 11 of the Bankruptcy Code, including monitoring the progress of such cases and taking such actions as the Acting United States Trustee deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(3)(G).

## II. Factual Background

6.  On February 28, 2018, Bendco, Inc. ("Debtor") filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code. Since the order for relief under chapter 11 was entered, the Debtor has operated as a debtor in possession under 11 U.S.C. §§ 1107(a) and 1108.

7.  The Debtor is a corporation doing business in the State of Texas and formed in or about 1983. It owns and operates a business engaged in coiling and induction bending of pipe. According to the testimony at the meeting of creditors, the Debtor filed for bankruptcy protection

(i) because the drop in oil prices caused a severe reduction in cash flow and (ii) because many creditors filed suits, including a tax suit filed by Pasadena I.S.D. which was set for trial just prior to bankruptcy, against the Debtor, and obtained judgments and writs of execution on those judgments.

8.     The Debtor has about twenty-nine (29) employees.

9.     The Debtor leases the real property located at 801 Houston Avenue, Pasadena, Texas (the "Pasadena Property").  On information and belief, (i) the Pasadena Property is owned by 801 Houston Avenue Property LLC and (ii) the Debtor and 801 Houston Avenue Property LLC are both owned by The Friery Family Umbrella Trust.  The trustee of The Friery Family Umbrella Trust is Rick Friery, Sr., the CEO of the Debtor.

10.    According to the testimony at the meeting of creditors, the Debtor has failed to maintain insurance, or has not provided evidence of insurance, including commercial general liability insurance, commercial property damage insurance, workers' compensation insurance, and auto liability insurance.

11.    The Debtor reported assets of $4,306,257.33 and liabilities of $4,633,022.75.  The Debtor's primary assets consist of: (a) account receivables, which are valued at $173,996.85; (b) equipment, which is valued at $4,046,000.00; (c) two (2) vehicles and four (4) trailers, which are valued at $23,245.00; (d) cash of $54,920.48; and (e) office furniture and equipment, which is valued at 8,095.00,

12.    The Debtor reported secured debts of $2,948,061.42, priority debts of $122,759.44, and general unsecured debts of $1,562,201.89.

13.    The Internal Revenue Service has filed a proof of claim asserting a priority claim of $857,601.79 and a general unsecured claim of $48,986.53 for unfiled corporate income taxes and federal payroll taxes.

14.    On information and belief, the Debtor has failed to file its 2016 federal income tax return.

### III. Cause to Convert or Dismiss or to Direct Appointment of a Chapter 11 Trustee

15.    Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(B) or to direct appointment of a chapter 11 trustee under 11 U.S.C. § 1104 because of incompetence or gross mismanagement of the affairs of the Debtor by current management.  Specifically, the Debtor has failed to maintain appropriate insurance that poses a risk to the estate or to the public.

16.    Cause exists either to convert or dismiss this case under 11 U.S.C. § 1112(b)(4)(C) or to direct appointment of a chapter 11 trustee under 11 U.S.C. § 1104 because the Debtor has failed to maintain appropriate insurance that poses a risk to the estate or to the public.  Specifically, the Debtor has failed to maintain commercial general liability insurance, commercial property damage insurance, worker's compensation insurance, and auto liability insurance.

17. Cause exists to direct appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1) or to convert the case to chapter 7 under 11 U.S.C. § 1112(b) because the allegations in paragraphs 15 and 16 of this Motion show that the Debtor has failed or is incapable of performing its fiduciary duties.

18. Cause exists to direct appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(2) or to convert the case to chapter 7 under 11 U.S.C. § 1112(b) because such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the Debtor or the amount of assets or liabilities of the Debtor.

19. The Debtor will incur quarterly fees for the first quarter of 2018. The UST is unable to determine the amount due at this time in the absence of statements of disbursements. The UST requests that this Court fix the sum due as an administrative expense of this estate under 11 U.S.C. § 503(b) for fees due and payable to the UST under 28 U.S.C. § 1930(a)(6).

### IV. Relief Requested

20. The Acting United States Trustee requests that the Court enter an order directing the appointment of a chapter 11 trustee because it is in the best interests of creditors and the estate. The appointment of an independent, disinterested person is necessary to administer this estate, to ensure fulfillment of fiduciary duties, and to prevent prejudice to creditors.

21. If the Court finds that appointment of a chapter 11 trustee is not in the best interests of creditors and the estate, then the Acting United States Trustee, in the alternative, requests entry of an order dismissing this chapter 11 case. On information and belief, the Debtor does not have any insurance and does not have the cash to make a down payment to obtain insurance. The Acting United States Trustee is concerned that an accident could occur that would prejudice creditors.

22. If the Court finds that neither appointment of a chapter 11 trustee nor dismissal is in the best interests of creditors and the estate, then the Acting United States Trustee, in the alternative, requests conversion to chapter 7.

WHEREFORE, the Acting United States Trustee prays that this Court enter an order directing the appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a)(1), or in the alternative, an order dismissing this case under 11 U.S.C. § 1112(b) and fixing the sum due for fees due and payable to the United States Trustee under 28 U.S.C. § 1930(a)(6) as an administrative expense of this estate under 11 U.S.C. § 503(b), or in the alternative, an order converting this case to a case under chapter 7 under 11 U.S.C. § 1112(b), and for any and all further relief as may be equitable and just.

Dated: April 4, 2018           Respectfully Submitted,

                                        HENRY G. HOBBS, JR.
                                        ACTING UNITED STATES TRUSTEE
                                        REGION 7, SOUTHERN and WESTERN
                                        DISTRICTS OF TEXAS

                                        By:     /s/ Hector Duran
                                                     Hector Duran
                                                     Texas Bar No. 00783996/Fed. ID No. 15243
                                                     515 Rusk, Suite 3516
                                                     Houston, Texas  77002
                                                     (713) 718-4650 ext. 241
                                                     (713) 718-4670 Fax

## CERTIFICATION

The undersigned hereby certifies that, to the best of my knowledge, information and belief, the factual statements in the foregoing pleading are accurate.

                                                     /s/ Hector Duran
                                                     Hector Duran

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the parties listed below by United States Mail, first class, postage prepaid or by ECF transmission or BNC noticing, on the 4th day of April, 2016.  BNC will file a certificate of service that includes the names and addresses of those served, including the parties listed below and the twenty largest unsecured creditors.

                                                     /s/ Hector Duran
                                                     Hector Duran

DEBTOR:

Bendco, Inc.
801 Houston Avenue
Pasadena, TX  77502

COUNSEL FOR DEBTOR:

Richard L. Fuqua, II,, Esq().        (Via E-Mail at fuqua@fuqualegal.com)
Fuqua & Associates, PC
5005 Riverway, Suite 250
Houston, TX  77056

PARTIES REQUESTING NOTICE:

Texas Comptroller of Public Accounts
Jay W. Hurst                         (Via E-Mail at bk-jhurst@oag.texas.gov)
Assistant Attorney General
c/o Sherri K. Simpson, Paralegal     (Via E-Mail at sherri.simpson@oag.texas.gov)
Attorney General's Office
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX  78711-2548

BB&T Commercial Equipment Capital Corp.
fka Susquehanna Commercial Finance, Inc.
c/o Alan B. Padfield, Esq.           (Via E-Mail at abp@padfieldstout.com)
Padfield & Stout, LLP
421 W. Third Street, Suite 910
Fort Worth, TX  76102

Harris County
c/o Tara L. Grundemeier, Esq.        (Via E-Mail at houston_bankruptcy@publicans.com)
P.O. Box 3064
Houston, TX  77253-3064

Pasadena ISD
c/o Dexter D. Joyner, Esq.
4701 Preston Ave.
Pasadena, TX  77505

TCF National Bank
c/o Teri H. Kelley, Esq.             (Via E-Mail at tk@thkelleylaw.com)
6750 West Loop South, Suite 920
Bellaire, TX  77401

Internal Revenue Service
Richard A. Kincheloe                 (Via E-Mail at richard.kincheloe@usdoj.gov)
United States Attorney's Office
1000 Louisiana St., Suite 2300
Houston, TX  77002

Omnipotech Ltd.
c/o Mynde S. Eisen, Esq.          (Via E-Mail at mynde@eisenlawoffice.com)
6546 Greatwood Parkway, Suite C
Sugar Land, TX  77479

Palladian Publications, Ltd.
c/o William T. Peckham, Esq.      (Via E-Mail at wpeckham@peckhamlawaustin.com)
1104 Nueces St., Suite 104
Austin, TX  78701-2106

AmTrust North America, Inc.
AmTrust Insurance Company of Kansas, Inc.
c/o Alan C. Hochheiser, Esq.      (Via E-Mail at ahochheiser@mauricewutscher.com)
Maurice Wutscher, LLP
2000 Auburn Drive, Suite 200
One Chagrin Highlands
Beachwood, OH  44122

San Jacinto Community College District
c/o Daniel J. Snooks, Esq.        (Via E-Mail at djsnooks@swbell.net)
11550 Fuqua, Suite 370
Houston, TX  77034

TWENTY LARGEST UNSECURED CREDITORS:

TXU Energy
P.O. Box 650638
Dallas, TX  75265

CAN Capital Asset Servicing, Inc.
242 W. 36th St.
New York, NY  10018

Bank of America
P.O. Box 660576
Dallas, TX  75266-0576

Knight Capital Funding II
9 East Lockerman St. #3A-543
Dover, DE  19001

G&A Partners
17220 Katy Frwy #350
Houston, TX  77094

Tech Induction
13129 23 Mile Road
Shelby Township, MI 48315

Tuam Industrial Services, Inc.
P.O. Box 842233
Dallas, TX 75284-2233

TUV Rheinland Ind Solutions
P.O. Box 417532
Boston, MA 02241-7532

LB Foster Ball Winch
P.O. Box 643343
Pittsburgh, PA 15264-3343

Ball Winch
15786 Hwy 75 North, # 110948
Willis, TX 77378

Herc Rentals, Inc.
P.O. Box 650280
Dallas, TX 75265-0280

Great Western Metals
14121 Gulf Frwy
Houston, TX 77034

IRIS NDT, Inc.
1115 W. 41st St.
Tulsa, OK 74107

Accutest Labs
7821 Pinemont
Houston, TX 77040

Adobe Equipment
7607 Wallisville Rd.
Houston, TX 77020

Dixie Pipe Sales, LP
Dept # 372
P.O. Box 4346
Houston, TX 77210-4346

Praxair
10 Riverview Dr.
Danbury, CT  06810

Omnipotech Ltd.
11422A Craighead Dr.
Houston, TX  77025

Texas Pipe & Supply Co.
P.O. Box 301052
Dallas, TX  75303-1052

Fastway Freight Systems
P.O. Box 87644
Houston, TX  77287-7644