UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| BENDCO, INC. | § CASE NO. 18-30849 |
| | § |
| DEBTOR | § CHAPTER 11 |

**DEBTOR'S MOTION FOR ORDER PURSUANT TO
BANKRUPTCY CODE SECTION 364 CONFIRMING DEBTOR'S
AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCING
AGREEMENT WITH IPFS CORPORATION**

THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND STHE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

To The Honorable United States Bankruptcy Judge:

Bendco, Inc. ("Bendco" or the "Debtor") hereby moves (the "Motion") this Court for entry of an order (the "Order"), pursuant to Sections 362, 363, and 364(c)(2) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1(b)(c)(2) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "Local Bankruptcy Rules"), confirming the authority of the Debtor to enter into an insurance premium

financing agreement (the "IPFS"), attached Exhibit A ro the proposed Order annexed hereto, with IPFS Corporation ("IPFS"), and granting related relief as further described herein. In support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represents:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C.§ 157(b). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The legal predicates for the relief requested here are Bankruptcy Code Sections 362, 363, and 364(c)(2), and Bankruptcy Rule 4001.

3. Debtor consents to entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

A. **Overview of the Debtor's Premium Financing Agreements.**

4. The general liability, excess liability, property and equipment Insurance Policies (the "Pre-Petition Insurance Policies") expired pre-petition. And the Debtor, in the exercise of its reasonable business judgment and to comply with the requirements imposed by the U.S. Trustee for the Southern District of Texas, is seeking to acquire Insurance Policies essential to the preservation of value of the Debtor's business, property and assets, and accordingly, in the ordinary course of its business, Debtor desires to enter into new insurance policy agreements (the "Financed Insurance Policies").

5. The Debtor has determined, in the exercise of its reasonable business judgment, that it is unable to prepay for the insurance coverage now under contract, therefore, it would be more

economically advantageous to finance a portion of the premiums on the Insurance Policies. Accordingly, the Debtor seeks confirmation of its authority to enter into the attached Premium Finance Agreements ("PFA's") to finance the Premiums associated with the Insurance Policies. IPFS has requested, as a condition to providing the financing, that the Debtor seek entry of a separate order to ensure that the particular Premiums being financed and the protections provided under the PFA, including the security interests granted to IPFS Corporation, are approved by this Court.

6. To secure its obligation under the PFA, the Debtor will grant a security interest to IPFS in: (a) any and all unearned premiums and dividends which may become payable under the Financed Insurance Policies for any reason; (b) loss payments which reduce the unearned premiums, subject to any mortgagee or loss payee interest; and (c) any interest which may arise under any state insurance guarantee fund relating to the Financed Insurance Policies (collectively, the "Collateral"). Additionally, the PFA will grant IPFS Corporation a limited power of attorney with full authority to cancel the Insurance Policies and obtain the return of any unearned premiums in the event of a default in the payment of any installment due.

7. Pursuant to Bankruptcy rule 4001(c)(1)(B), the following is a summary of the key provisions of the PFA.

### Summary of PFA Provisions

| Amount Financed | $38,360.88 |
|---|---|
| Interest Rate | % as reflected on the face of the attached exhibits |
| Maturity | The Debtor will make 10 installments beginning April 20, 2018, with the last payment being January 20, 2019. |
| Event of Default | Nonpayment of installment payments. |
| Security Interest | IPFS is granted a security interest in: (a) any and all unearned premiums and dividends which may become payable under the Financed Insurance Policies; (b) loss payments which reduce unearned premiums, subject to any mortgagee or loss payee interests; and (c) any interest in any state guarantee fund relating to any Financed Insurance Policy. |

| Power of Attorney | Power of Attorney granted to IPFS to cancel the Financed Insurance Policies for payment default, to receive sums assigned to IPFS and to deliver documents relating to the Financed Insurance Policies. |
|---|---|
| Cancellation | IPFS may cancel the Financed Insurance Policies upon Debtor's failure to make payments when due. |
| Waiver of Automatic Stay | The proposed order allows IPFS to cancel the Financed Insurance Policies without further application to this Court. |
| Conditions/Fees | Finance Charge: $2,181.44 |
| Waiver/Limitation of Liability | IPFS liability for breach of any of the terms of this agreement or the wrongful exercise of any of its powers shall be limited to the amount of the principal balance outstanding except in the event of gross negligence or willful misconduct. |

## RELIEF REQUESTED

8.  By the Motion, the Debtor seeks entry of an Order, pursuant to Bankruptcy Code Sections 362, 363, and 364(c)(2), and Bankruptcy Rule 4001 confirming its authority to: (a) enter into the PFA with IPFS to finance the Premiums associated with the Financed Insurance Policies and (b) grant IPFS certain protections related to the PFA, as described herein. The Debtor believes that this is an ordinary course transaction. However, Debtor is filing this Motion at the request of IPFS to obtain a Court Order specifically pertaining to this PFA.

9.  The Debtor has determined, in its business judgment, that it is more cost effective to finance a portion of the Premiums and that entry into the PFA will provide the Debtor with the liquidity and flexibility for operations. Additionally, a reflected in the attached Exhibits, the Debtor anticipates that the interest rate will be less expensive than other sources of capital.

10. For the foregoing reasons, the Debtor does not believe it is required to seek Court approval into the PFA with IPFS. However, IPFS has requested that the Debtor seek entry of a separate Court Order to ensure Court approval of the particular premiums being financed and that the security interests granted pursuant to the PFA are valid under Section 364(c)(2). Accordingly,

the Debtor is seeking an order of the Court confirming its authority to enter into the PFA.

## B. Entry into the Premium Financing Agreement is Authorized Under Bankruptcy Code Section 364(c).

11. Although the Debtor believes that it is authorized to enter into the PFA with IPFS in the ordinary course of its business pursuant to the Insurance Order, the Debtor also submits that Bankruptcy Code Section 364(c)(2) authorizes the Debtor to enter into the PFA, as entry into the PFA is in the best interests of the estate.

12. Bankruptcy Code Section 364(c)(2) allows a debtor, in the exercise of its business judgment, to incur secured postpetition debt, if the Debtor has been unable to obtain unsecured credit and the borrowing is in the best interests of the estate. 11 U.S.C. § 364 (c); *see, e.g., In re Ames Dep't Stores,* 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (stating that with respect to postpetition credit, courts "permit debtors-in-possession to exercise their basic business judgment consistent with their fiduciary duties").

13. The Debtor's entry into the PFA with IPFS is necessary to protect the assets of the estate from diminishment due to a lapse insurance coverage. IPFS is willing to finance the Debtor's insurance premiums on the Financed Insurance Policies only if it is granted a security interest in the limited universe of Collateral, the insurance policies themselves. Given the unique financing at issue, the Debtor does not believe it could obtain this type of financing on better terms on a unsecured basis. Because the Debtor is required to maintain insurance coverage during the Chapter 11 case, it would be particularly problematic if the Debtor was not authorized to enter into the PFA.

14. Additionally, as set forth more fully in the proposed Order, the PFA contemplates a modification of the automatic stay established pursuant to Bankruptcy Code Section 362 to permit IPFS to take certain actions permitted under the PFA to enforce certain remedies against the

Collateral without having to obtain any further of this Court. The Debtor submits that stay modification provisions such as these are ordinary and usual feature of postpetition premium financing agreements and, in the Debtor's business judgment, are reasonable under the present circumstances. Accordingly, the Debtor respectfully requests the Court to authorize the modification of the automatic stay in accordance with the terms set forth in the proposed Order.

15. Moreover, maintenance of the Debtor's Insurance Policies is essential to continuing the Debtor's operations and protecting its estate and creditors against liability for injuries or damages that may arise. Additionally, the Insurance Policies are required by various regulations, laws and contracts that govern the Debtor's commercial activities. Moreover, Bankruptcy Code Section 1112(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a Chapter11 case. U.S.C. § 1112(b)(4)(C).

16. Based on the foregoing, the Debtor submits that the relief requested herein is in the best interest of the Debtor, its estate, creditors, stakeholders and other parties in interest, and is consistent with the Insurance Order, and, therefore, should be granted.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(b)

17. The Debtor requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As described above, the relief that the Debtor seeks in this Motion is necessary for the Debtor to operate its business without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable, as the exigent nature of the

relief sought herein justifies immediate relief.

## NOTICE

18. Notice of the Motion will be given to: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) counsel to the Debtor's prepetition secured lenders; (iii) IPFS; and (iv) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other or further notice need be provided.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Respectfully submitted,

FUQUA & ASSOCIATES, PC

BY: _/s/ Richard L. Fuqua_
Richard L. Fuqua
State Bar No. 07552300
5005 Riverway, Suite 250
Houston, TX 77056
(713) 960-0277
(713) 960-1064 facsimile
rlfuqua@fuqualegal.com

COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded by ECF and/or regular United States mail, postage prepaid, on April 20th, 2018 to the parties listed below and to all parties listed on the attached service list.

John McCawley
Major Award Inc.
dba Coastal Group & Associates
2111 Riverside Dr.
League City, TX 77573

IPFS Corporation
301 West 11th St., 4th Floor
Kansas City, MO 64141-6090

*/s/ Richard L. Fuqua*
Richard L. Fuqua