IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 18-30849 |
| BENDCO, INC. | § | |
| | § | Chapter 11 |
| Debtor | § | |
| | § | |

## AGREED ORDER FOR ADEQUATE PROTECTION AND CONDITIONING THE AUTOMATIC STAY

Debtor Bendco, Inc. ("Debtor") and secured creditor Ascentium Capital LLC ("Ascentium") hereby stipulate and agree to the following Order for adequate protection payments and conditional lifting of the automatic stay as to certain personal property equipment described below, and in support thereof represent as follows:

A.      The Debtor commenced this case on February 28, 2018 (the "Petition Date"), by filing a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

B.      Prior to the Petition Date, in April 2015, the Debtor and Ascentium entered into written Equipment Finance Agreement No. 2153258 (the "Agreement") pursuant to which Ascentium agreed to finance the Debtor's purchase of certain commercial equipment, more particularly described as an Akyapak AK BEND Hydraulic Section Bending Machine, Model APK-300 (the "Equipment"), from a third-party vendor.  As consideration therefor, the Debtor agreed to make certain specified monthly payments to Ascentium and granted Ascentium a security interest in the Equipment.  A UCC-1 Financing Statement was filed on April 23, 2015, thereby perfecting Ascentium's security interest in the Equipment.

C.      The Debtor defaulted on the Agreement and, prior to the Petition Date, Ascentium filed a state court suit against the Debtor which resulted in a Final Summary Judgment (the

"Judgment") being entered against the Debtor on June 30, 2017, for both monetary damages and immediate possession of the Equipment.

       D.     Thereafter, the Debtor and Ascentium entered into a forbearance agreement (the "Forbearance Agreement") whereby Ascentium agreed to forbear from exercising its rights to enforce the Judgment in exchange for certain specified monthly payments from the Debtor. Prior to the Petition Date, the Debtor defaulted on the Forbearance Agreement, and as a result of such default, Ascentium became immediately entitled to enforce its Judgment, including obtaining possession of the Equipment.

       E.     The Equipment is still in the possession of the Debtor and the Debtor asserts that the Equipment is necessary for the Debtor's continued business operations.

       F.     The Debtor and Ascentium have now reached an agreement which allows the Debtor to remain in possession of the Equipment, on the terms set forth below, in exchange for certain adequate protection payments.

       WHEREFORE, IT IS STIPULATED AND AGREED by the Debtor and Ascentium, by and through their respective counsel, as follows:

       1.     The Debtor shall make adequate protection payments to Ascentium in the amount of $5,000.00 per month (each an "AP Payment"), the first AP Payment being due immediately upon entry of an order approving this stipulation and thereafter on the 1st day of each successive month beginning May 1, 2018, until otherwise ordered by the Court.

       2.     In the event the Debtor fails to timely make an AP Payment, the automatic stay shall terminate as to Ascentium without further notice, hearing or action by this Court with respect to the Debtor and the Equipment and Ascentium shall be entitled to exercise its rights and

remedies pursuant to the Judgment and/or applicable non-bankruptcy law, including but not limited to taking all actions to obtain possession and dispose of the Equipment.

      3.     In the event the automatic stay terminates pursuant to paragraph 2, Ascentium shall provide written notice of the same to the Debtor and the Debtor's counsel.

      4.     Notwithstanding anything else contained herein, the automatic stay shall terminate as to Ascentium without further notice, hearing or action by this Court immediately upon dismissal of this case or conversion of this case to a case under Chapter 7 of the Bankruptcy Code.

      5.     In the event the automatic stay terminates pursuant to this stipulation, the Debtor shall immediately surrender the Equipment to Ascentium.

      6.     In the event the automatic stay terminates pursuant to this stipulation, the 14-day stay of Fed. Rule of Bankr. Proc. 4001(a)(3) is waived.

      7.     This stipulation and any order approving this stipulation shall inure to the benefit of and be enforceable by Ascentium's successors and assigns.

      8.     Nothing herein shall preclude Ascentium or the Debtor from seeking any other or further relief from this Court.


AGREED:

*/s/ Melody G. Anderson*
**WRIGHT LAW GROUP, PLLC**
Melody G. Anderson
California Bar No. 173875
So. Dist. of Texas ID No. 3071089
4470 W. Sunset Blvd., Suite 90003
Los Angeles, CA  90027
E-mail: mga@replevin.com

Matthew T. Wright
Texas Bar No. 24053563
Jared A. Rougeau
Texas Bar No. 24093076
337 Garden Oaks Blvd, #84356
Houston, TX 77018
E-mail: mtw@replevin.com
          jar@replevin.com

Tel: (855) 737–5384
Fax: (866) 496–1006

ATTORNEYS FOR ASCENTIUM CAPITAL LLC

FUQUA & ASSOCIATES, PC
Richard L. Fuqua, II
Texas Bar No. 07552300
5005 Riverway, Suite 250
Houston, Texas  77056
Tel: (713) 960-0277
E-mail: fuqua@fuqualegal.com
ATTORNEYS FOR DEBTOR

## ORDER

Pursuant to the agreement of the parties and good cause appearing, IT IS SO ORDERED.


Signed: _____

          _____
                **DAVID R. JONES**
          **UNITED STATES BANKRUPTCY JUDGE**