UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BENDCO, INC. | § | CASE NO. 18-30849 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

### MOTION FOR ORDER FOR DEBTOR'S FORMER PRESIDENT TO APPEAR AND SHOW CAUSE

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To The Honorable David R. Jones,
Chief United States Bankruptcy Judge:**

1. Bendco, Inc., the debtor-in-possession herein (the "Debtor") files this Motion for Order for Debtor's President to Appear and Show Cause and in support thereof would show this Court as follows:

2. On February 28, 2018, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code. From and since the Petition Date, Debtor has maintained possession of its property, and has continued to remain in control of its ongoing business affairs as a Debtor-in-possession pursuant to the provisions of 11 U.S.C. §§ 1107 and 1108.

3. On January 3, 2019, a status conference was held in which Debtor informed the Court that, upon information and belief, it had recently discovered that one of Debtor's officers, John Tharp, the former president of the Debtor, may have diverted, embezzled, spent or transferred certain funds belonging to Debtor's Estate to his personal use over the course of several months or longer. Upon information and belief, Mr. Tharp may have diverted an unknown amount of funds which were remitted by Debtor's customers in payment of outstanding accounts receivable in the ordinary course of Debtor's business.

4. Based upon the foregoing, Debtor requests that this Court enter an order for Debtor's former president John Tharp to appear in person before this Court on January 15, 2019 at 1:00 p.m. and show cause why he should not be ordered to repay to Debtor's estate any diverted funds and why he should not be referred for prosecution under Title 18, U.S. Code, Section 153 for embezzlement against Debtor's estate.

5. John Tharp's last known address is: 435 3rd Street, San Leon, Galveston County, Texas 77539.

6. Attached to this Motion as **_Exhibit A-1 through Exhibit A-9_** are Debtor's Monthly Operating Reports ("MORS") filed in this proceeding for the time period from March 2018 through October 2018.

7. Debtor's former president John Tharp signed each of the MORS under penalty of perjury.

8. The MORS reflect the existence of accounts receivable that may have been collected by Mr. Tharp and such cash receipts and payments of accounts receivable are not disclosed in the MORS signed and filed by Mr. Tharp.

9. Additionally, attached as **_Exhibit B_** is an example of one of Debtor's accounts receivable reflecting nine (9) checks remitted by one of Debtor's customers in the ordinary course of business from June 2018 through November 2018 which checks were negotiated (on information and belief) by Mr. Tharp and the proceeds of such checks were never deposited in the Debtor's accounts.

10. The Debtor is continuing to have its customers respond to audit requests regarding accounts receivable owing by customers to the Debtor so as to obtain further information regarding the extent of the diversions that are believed to have occurred.

**Wherefore, Premises Considered,** Debtor prays that this Court enter an Order that John Tharp be required to appear in person in this Court on January 15, 2019 at 1:00 p.m. and show cause why he should not be ordered to repay to Debtor's estate any diverted funds and why he should not be referred for prosecution under Title 18, U.S. Code, Section 153, and for such other and further relief, at law and in equity, as this Court deems just.

Respectfully submitted this 7th day of January, 2019.

        FUQUA & ASSOCIATES, PC

        By: */s/ Richard L. Fuqua*
           Richard L. Fuqua
           Texas Bar No. 07552300
           5005 Riverway, Suite 250
           Houston, TX 77056
           (713) 960-0277 (Telephone)
           (713) 960-1064 (Telecopier)
           RLFuqua@FuquaLegal.com

ATTORNEYS FOR THE DEBTOR,
BENDCO, INC.

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing has been served upon all of the parties on the attached service list via either ECF Notification or by United States mail, postage prepaid, on the 7th day of January, 2019.

        */s/ Richard L. Fuqua*
        Richard L. Fuqua