IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § | |
| **BENDCO, INC.** | § § | **CASE NO. 18-30849** (Chapter 11) |
| **Debtor** | § | |

| | | |
|---|---|---|
| **In re:** | § § | |
| **801 HOUSTON AVE PROPERTY LLC** | § § | **CASE NO. 19-32076** (Chapter 11) |
| **Debtor** | § | |

<u>**EMERGENCY MOTION FOR ORDER: (A) APPROVING ASSET PURCHASE AGREEMENT AND BREAKUP FEE; (B) SETTING SALE HEARING**</u>
(*A Hearing on this Motion is Scheduled for _____, 2019*)

<u>Notice Pursuant to Local Rule 9013-1</u>

A HEARING ON THIS SALE MOTION IS SCHEDULED ON _____, 2019 AT _____ __.M. BEFORE THE HONORABLE DAVID R. JONES, UNITED STATES COURTHOUSE, COURTROOM 400, 515 RUSK, HOUSTON, TEXAS 77002.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

TO THE HONORABLE DAVID R. JONES,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Bendco, Inc. (*"Bendco"*) and 801 Houston Ave Property LLC (*"801"*) (collectively, the *"Debtors"*), file this Motion for an Order: (A) Approving Asset Purchase Agreement and Breakup Fee and (B) Setting Sale Hearing (*"Motion"*). A proposed order granting this Motion is attached hereto. In support of this Motion, Debtors respectfully represent as follows:

## REASONS FOR EMERGENCY AND SUMMARY OF REQUESTED RELIEF

1. Bendco filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2018. Bendco's case number is 18-30849.

2. 801 filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 11, 2019. 801's case number is 19-32076.

3. This Court has continual status hearings of these cases on a weekly and/or bi-weekly basis since Debtor notified the Court of its discovery of the embezzlement of significant funds from Bendco's estate by its former president.

4. As disclosed to this Court and all parties in interest, Bendco suffered defalcations and theft of assets post-petition in an amount in excess of $400,000.

5. The loss of over $400,000 post-petition has severely impacted Bendco's ability to achieve rehabilitation.

6. Additionally, the land on which Bendco operates became the subject of foreclosure

and receivership proceedings.

7. The principal creditor of Bendco and 801 is the Bank of America.

8. Debtors have found a buyer(s) that is willing to purchase the assets of Bendco and 801 through Chapter 11 bankruptcy proceedings.

9. Debtors propose an expedited sale process and requests that the Court:

a. Authorize Debtors to enter into the Asset Purchase Agreement (the *"APA"*) with USA Bending, LLC and Houston Avenue Holdings, LLC and/or their assigns (*"Buyers"*) attached as **Exhibit 1**;

b. Approve the Notice of Sale attached as **Exhibit 2**;

c. Approve the procedures for the assumption and assignment of any executory contracts or unexpired leases in connection with the Sale with proposed Cure Notice attached as **Exhibit 3**;

d. Schedule a hearing to approve the sale of Real Property and certain personal property assets on or shortly after June 17, 2019 ; and

e. Waive the stay imposed by Bankruptcy Rule 6004(h) and authorize closing on the Sale to Buyers by no later than June 30, 2019.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over these cases pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(M), (N) and (O).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) and (2) because Bendco and 801's principal place of business has been located in this district for more than 180 days

12. The statutory predicates for the relief sought herein are Sections 105, 363, and 365

of Title 11 of the United States Code (the *"Bankruptcy Code"*) and Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*).

## BACKGROUND INFORMATION

13. The above captioned Chapter 11 bankruptcy cases were filed under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq.

14. Debtors continue to manage their properties as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

15. This Motion is filed on an emergency basis due to Debtor's distressed financial condition which places Debtor at risk of losing key employees and their operational knowledge of Debtor's specialized pipe-bending equipment.

### A. Bendco's Business

16. Bendco is a Texas corporation which owns and operates a full-service pipe-bending and processing yard located in Pasadena, Texas. Bendco has operated its pipe bending business in the Houston area for over thirty years.

17. Bendco's industrial facility is situated on a 4.8 acres site located at 801 Houston Avenue, Pasadena, Texas (the *"Real Property"*).

18. As of its Petition Date, Debtors had assets valued in excess of $3.6 million dollars including real property with a liquidation value of approximately $2.5 million dollars and equipment with a liquidation value of approximately $1.1 million.

19. Liabilities include secured obligations owed to the Bank of America with an aggregate balance of approximately $2.6 million, secured by liens against substantially all of the Debtors' assets including the Real Property.

20. Debtors also have vendor debt owed of more than approximately $1.6 million, and ad valorem and real property taxes of approximately $430,000.

21. Debtors have identified Buyers as the current best and highest offer for the personal property assets and Real Property. One of the key assets of Bendco is the employee expertise in regard to the operation of the equipment (*"Employee IP"*). Buyers intend to continue the operation of Bendco's pipe-bending business as a going concern after closing and the purchase price reflects Buyer's valuation of the Employee IP as a component of the Sale.

22. Through this Sale Motion, Debtors seek to sell the Real Property and certain personal property assets, including Employee IP, and to assume and assign certain executory contracts and unexpired leases to Buyers. A copy of the APA is attached hereto as **Exhibit 1** and incorporated herein by reference. The key terms of the APA are as follows:

   a. Buyers will pay $2.3 million in cash for the Real Property and certain personal property assets of Bendco;

   b. The sale from Debtors to Buyer(s) must be free and clear of all liens, claims and encumbrances with any valid, perfected and existing liens claims and encumbrances attaching to the proceeds in their relative priority;

   c. Buyers will assume certain executory contracts of Bendco;

   d. Closing must occur by June 30, 2019; and

   e. If Buyers are not the Successful Bidder by a reason of a sale to an as yet unknown higher bidder, Buyer(s) will be due a breakup fee of $250,000 (the *"Breakup Fee"*) as an administrative expense of Debtors' Estate.

23. Debtors also request that the Court approve the payment of a Breakup Fee as an

administrative expense without the need for further Court order.

24. Sale of the Real Property and certain personal property assets may also include executory contracts and unexpired leases which, if requested, Debtors will assume and assign to the Buyers pursuant to section 365 of the Bankruptcy Code. Debtors will serve a copy of the Cure Notice, attached hereto as **Exhibit 3** (the *"Cure Notice"*) on all non-Debtor parties to the executory contracts and unexpired leases which Debtors may assume and assign to Buyers. The Cure Notice provides that any objection must set forth all specific defaults in any executory contract or unexpired lease and claim a specific monetary amount that differs from the amount (if any) specified by Bendco in the Cure Notice.

25. If a non-debtor party to an executory contract or unexpired lease which Debtors intend to assume and assign to Buyers files an objection to the proposed assumption and assignment or the proposed Cure Amount identified in the Cure Notice, the Court can determine the cure amount due or otherwise resolve the objection.

## ARGUMENT AND AUTHORITIES

26. Pursuant to Section 363(b)(1), a Chapter 11 debtor-in-possession "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts have held that Section 363(b)(1) may be used to dispose of all or most of a Chapter 11 debtor's assets through the sale as a going concern or by liquidation. *In re Tex. Rangers Baseball Ptnrs,* 431 B.R. 707, 710 (Bankr. N.D. Tex. 2010); *In re Bombay Co.,* 2007 Bankr. LEXIS 3218, *6 (Bankr. N.D. Tex. Sept 26, 2007).

27. The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See In re Integrated Res., Inc.,* 147 B.R. 650, 659 (S.D.N.Y. 1992)

("[I]t is a well-established principle of bankruptcy law that the objective of the bankruptcy rules and the trustee's duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (internal citations omitted). To that end, courts uniformly recognize that procedures intended to enhance competitive bidding are consistent with the goal of maximizing the value received by the estate and therefore are appropriate in the context of bankruptcy transactions.

28. Finally, in determining whether to grant a debtor's motion to use, sell, or lease property of the estate, the Court should grant the relief sought if the debtor is exercising sound business judgment. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 fn. 10 (5th Cir. 1985); *In re Bombay Co.*, 2007 Bankr. LEXIS 3218 at *12.

29. Given the current financial situation and after considering their options, Debtors believe the sale process set forth herein will maximize the value for its creditors. The process is designed to promote the highest possible purchase price for the Debtors' Real Property and certain personal property assets.

30. Pursuant to Bankruptcy Rule 2002(a), Debtors are required to provide creditors with 21 days notice of a hearing on the use, lease, or sale of its assets outside the ordinary course of business. Bankruptcy Rule 2002(c) requires any such notice to include the time and place of the sale and the hearing and the deadline for filing any objections to the relief requested therein. As required under Bankruptcy Rule 2002(b), Debtors seek approval of the Sale Notice as proper notice of the Sale Hearing. Debtors will serve this Sale Notice and Motion on all parties on its full-service list. Debtors submit that service of this Motion, coupled with service of the Sale Notice on the same parties and any party who has expressed an interest in the Business within the last twelve (12) months constitutes good and adequate notice of the Sale Hearing and satisfies the requirements of

Bankruptcy Rule 2002.

31.  As part of this Sale Motion, Debtors seek authority to assign or transfer unexpired executory contracts and leases to the extent required by Buyers (the *"Assigned Contracts"*). Section 365 of the Bankruptcy Code authorizes a debtor to assume and/or assign its executory contracts and unexpired leases, subject to the approval of the court, provided that the defaults under such contracts and leases are cured and adequate assurance of future performance is provided. A decision to assume or reject an executory contract or unexpired lease must only satisfy the "business judgment rule" and will not be subject to review unless such decision is clearly an unreasonable exercise of such judgment. *See, e.g., Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F2d 1303, 1309 (5th Cir. 1985) (applying a business judgment standard to debtor's determination to assume unexpired lease).

32.  Upon finding that a debtor has exercised its business judgment in determining that assuming an executory contract is in the best interest of its estate, courts must then evaluate whether the assumption meets the requirements of section 365(b) of the Bankruptcy Code, specifically that a debtor (a) cure, or provide adequate assurance of promptly curing, pre-petition defaults in the executory contract, (b) compensate parties for pecuniary losses arising therefrom, and (c) provide adequate assurance of future performance thereunder.

33.  This section "attempts to strike a balance between two sometimes competing interests, the right of the contracting non-debtor to get the performance it bargained for and the right of the debtor's creditors to get the benefit of the debtor's bargain." *In re Luce Indus., Inc.,* 8 B.R. 100, 107 (Bankr. S.D.N.Y. 1980). "The phrase 'adequate assurance of future performance,' is to be given a practical, pragmatic construction based upon the facts and circumstances of each case."

Although no single solution will satisfy every case, "the required assurance will fall considerably short of an absolute guarantee of performance." *In re Prime Motor Inns, Inc.*, 166 B.R. 993, 997 (Bankr. S.D. Fla. 1994).

34. The Court should approve the decision to assume and assign any Assigned Contracts because they are essential to inducing Buyers in offering to purchase the assets of the Debtors. Debtors believe that the process described in the Cure Notice will fairly resolve disputes over cure amounts or other defaults. If defaults exist that must be cured, such cure will be achieved fairly, efficiently, and properly, consistent with the Bankruptcy Code and with due respect to the rights of non-debtor parties.

35. Finally, Debtors believe they can and will demonstrate that future performance of the Assigned Contracts by the Buyers will be satisfied. The Assumption and Assignment Procedures provide the Court and other interested parties ample opportunity to evaluate and, if necessary, challenge the ability of the Buyers to provide adequate assurance of future performance and object to the assumption of the Assigned Contracts or proposed cure amounts. The Court, therefore. will have a sufficient basis to authorize Debtors to reject or assume and assign the Assigned Contracts as set forth in the APA.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004 (h)

36. To implement the foregoing successfully, Debtors request that the Court enter an order finding that cause exists to waive the 14-day stay period under Bankruptcy Rule 6004(h) and allow closing to occur by no later than June 30, 2019.

## NOTICE

37. Debtors are providing notice of this Sale Motion to: (a) the Office of the United

States Trustee, and (b) Debtor's full-service list.

38. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, Debtors respectfully request that the Court:

a. Authorize Debtors to enter into the APA attached as **Exhibit 1**;

b. Approve the form and manner of Notice of Sale attached as **Exhibit 2**;

c. Approve the procedures for the assumption and assignment of any executory contracts or unexpired leases in connection with the Sale in connection with the Sale with proposed Cure Notice attached as **Exhibit 3**:

d. Schedule a hearing to approve the Sale of the Real Property and certain Personal Property Assets to Buyers on or shortly after June 17, 2019; and

e. Waive the stay imposed by Bankruptcy Rule 6004(h) and authorize closing on the Sale to Buyers by no later than June 30, 3019.

Respectfully submitted this 7th day of June, 2019.

FUQUA & ASSOCIATES, PC

*/s/ Richard L. Fuqua*
Richard L. Fuqua
Texas Bar No. 07552300
5005 Riverway, Suite 250
Houston, TX 77056
(713) 960-0277 Telephone
(713) 960-1064 Facsimile
RLFuqua@FuquaLegal.com

Attorneys for Debtors
Bendco, Inc. and 801 Houston Ave Property, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion was forwarded by ECF to all parties eligible to receive notice via the Court's ECF system on this 7th day of June, 2019.

*/s/ Richard L. Fuqua*
Richard L. Fuqua