IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-30849 |
| | § | Jointly Administered |
| BENDCO, INC., *et al.*, | § | |
| Debtor. | § | (Chapter 11) |

### BANK OF AMERICA'S MOTION FOR ORDER TO DISBURSE NET PURCHASE PROCEEDS

TO THE HONORABLE DAVID JONES, U.S. BANKRUPTCY JUDGE:

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Bank of America hereby files its Motion for Order to Disburse Net Purchase Proceeds, and would show as follows:

### Bank of America is a Secured Creditor

1. Bank of America is a secured creditor of the Debtors. Bank of America was owed $436,759.10 by Bendco, Inc. on February 28, 2018, the date of its filing. Bank of America received

a judgment against 801 Houston Avenue Property LLC entered on October 29, 2018 in Harris County District Court. Bank of America was owed $2,563,067.10 by 801 Houston Avenue Property LLC on April 11, 2019, the date of its filing. Bank of America's debt is secured by accounts receivables and substantially all of the assets of Bendco and by a Deed of Trust on the real property at 801 Houston, where Bendco conducts its business.

### Original Offer to Purchase

2. The Debtor, Bank of America and the Proposed Purchaser MAJD LLC ("MAJD"), engaged in negotiations relating to the purchase price of the assets securing Bank of America's loans to Debtors. MAJD agreed to pay the Debtors $2,300,000 in cash for the real property and certain personal property. On June 7, 2019, the Debtors filed an Emergency Motion For Order (A) Approving Asset Purchase Agreement and Breakup Fee, and (B) Setting Sale Hearing ("Emergency Motion") (Docket No. 156).

### Bank of America Agreed to Take $2,200,000 Only on the Original MAJD Offer

3. On June 13, 2019, Bank of America filed its Limited Objection to the Debtor's Emergency Motion (Docket No. 159). In its Limited Objection, Bank of America did not object to the sale of assets to MAJD, but objected to the lack of specificity in the Emergency Motion. Bank of America's Limited Objection intended to clarify what amount Bank of America would be paid at the closing of the pending sale to MAJD. Bank of America and the Debtor agreed that, upon the closing of the proposed sale to MAJD, the Bank would be paid $2,200,000, based on a $2,300,000 purchase price. Bank of America's agreement to accept $2,200,000 at closing only applied to a sale to MAJD, the proposed Buyer at the time the Emergency Motion was filed. Bank

of America expressly stated in its Limited Objection "If the price is bid up by others the payment to the Bank must be increased."

### Auction Raised Purchase Price to $3,050,000

4. At an auction conducted by the Court on June 17, 2019, the cash to be paid at closing was increased by bidding up to $3,050,000. The winning bid was made by the Wolfcreek Group LLC, Pasadena Pipe Benders and Pasadena Holdco, LLC, not MAJD. The Order Granting the Debtor's Emergency Motion to Approve the Asset Purchase Agreement ("Order Approving APA") was entered on June 20, 2019 (Docket No.168). The sale to the Wolfcreek Group closed on July 3, 2019. Despite the significant increase in the bid price, Bank of America was only paid $2,200,000 at the closing.

### Order Approving Sale Reserves Rights to Remaining Proceeds

5. The Order Approving APA expressly reserved Bank of America's claim to the remaining sale proceeds. The Recitals on page 4 state: "...the Bank asserts that its debt is not satisfied in full by the payment at closing of $2,200,000. The Bank's lien attaches to the remaining Net Purchase Proceeds, subject to further Order of the Court." Later, the Ordered provision on page 7 states the $2,200,000 payment at closing to Bank of America is "...without prejudice to the Bank's claim to the remaining Net Purchase Proceeds..." The Net Purchase Proceeds continue to be held by the title company.

### Liens Attached to Sale Proceeds

6. The Order Approving the APA, in Paragraph 10 expressly states: "All liens on the Acquired Assets shall attach to the Net Purchase Price Proceeds in the same order of priority as existed prior to the sale, and will be paid from the Net Purchase Price Proceeds as provided by

further Court Order..." Bank of America holds the first lien Deed of Trust on the real property at 801 Houston Ave., and holds a first lien security interest on the Debtor's business assets. Therefore, Bank of America, consistent with its priority, seeks to be paid first from the Net Purchase Proceeds. Bank of America is entitled to be paid the Net Purchase Price Proceeds because, by Court Order, its liens attached to the proceeds of sale. Bank of America's debt exceeded $2,850,000 on the July 3, 2019 asset sale date. Therefore, Bank of America should be paid all of the $500,000 Net Purchase Price Proceeds held by the title company. The Sale Order explicitly provides that liens attach to the Sale proceeds to the extent of their value and validity at the time of the Sale. Bank of America has a valid lien that attaches to the Sale Proceeds.

## No Basis for Holdback or Surcharge

7.      Any proposed treatment of sale proceeds that includes a holdback of funds, to which the Bank does not consent, is neither fair nor equitable. There is no basis for subordinating the Bank of America claim. There is no basis for objection to the Bank's claim.

8.      Bank of America has already had deducted from the sale proceeds a $250,000 break-up fee approved without testimony or documentation supporting any basis for the break-up fee.

8.      There is no further basis for surcharging the Bank of America claim. The Debtor in Possession's power to "surcharge" a secured creditor's collateral is an exception to the general rule that administrative claims are payable from unencumbered estate property and not from a secured creditor's collateral. 11 U.S.C.A. § 506(c). Elements of a surcharge claim are: (1) the expenditure in question was necessary, (2) the amount expended was reasonable, and (3) the secured creditor benefited from the expenditure. In order to "surcharge" a secured creditor's collateral, the Debtor

BANK OF AMERICA'S MOTION FOR ORDER TO DISBURSE NET PURCHASE PROCEEDS - Page 4
494097

in Possession must establish that any benefit to the affected secured creditor was "concrete and quantifiable," and that the expenditures were made "primarily" to benefit the secured creditor. 11 U.S.C.A. § 506(c). *In re Conqueror Marine Logistics, LLC,* 518 B.R. 368 (Bankr. W.D. Louisiana. 2014). Therefore, distribution of the remaining sale proceeds should be made to Bank of America.

### Bank of America's First Priority Claim Not Disputed

9.     The parties entered an Agreed Order on the method to distribute the proceeds of the sale. The claim of Bank of America has not been disputed at any point in time. Bank of America holds the first priority liens that have attached to the proceeds of sale. Therefore, Bank of America should receive payment of all Net Purchase Proceeds until its secured debt is paid in full. To the extent the Net Purchase Proceeds exceed the Bank of America debt, including the interest, expense and attorney fees to which the Bank as an over secured creditor is entitled, the remaining Net Purchase Proceeds can be paid to other secondary lien holders.

WHEREFORE, PREMISES CONSIDERED, Bank of America would request this matter be set for hearing and that upon hearing, this Court enter an order directing the title company to make immediate payment to Bank of America of all Net Purchase Proceeds, and for such other and further relief, special and general, in equity or law that the Honorable Court deems fair and just.

Respectfully submitted,

*/s/* Richard G. Dafoe
Richard G. Dafoe
State Bar No. 05309500
Vincent Serafino Geary
Waddell Jenevein, P.C.
1601 Elm Street, Suite 4100
Dallas, Texas 75201
214-979-7427 - Telephone
214-979-7402 – Facsimile
rdafoe@vinlaw.com

## CERTIFICATE OF CONFERENCE

I certify that I called the Debtor's attorney, Dick Fuqua, on July 18, 2019, to confer on the Motion and the Debtor opposes the relief requested in the Motion.

*/s/* Richard G. Dafoe
Richard G. Dafoe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 22nd day of July, 2019, to the Trustee and to those requesting notice electronically, and to those on the attached.

*/s/* Richard G. Dafoe
Richard G. Dafoe

TXU Energy
PO Box 650638
Dallas, TX 75265

Knight Capital Funding II
9 East Lockerman St #3A-543
Dover, DE 19001

Tech Induction
13129 23 Mile Road
Shelby Township, MI 48315

TUV Rheinland Ind Solutions
PO Box 417532
Boston, MA 02241-7532

Ball Winch
15786 Hwy 75 North, #110948
Willis, TX 77378

Great Western Metals
14121 Gulf Freeway
Houston, TX 77034

Accutest Labs
7821 Pinemont
Houston, TX 77040

Dixie Pipe Sales, LP
Dept #372
PO Box 4346
Houston, TX 77210-4346

Omnipotech LTD
11422A Craighead Dr.
Houston, TX 77025

Fastway Freight Systems
PO Box 87644
Houston, TX 77287-7644

CAN Capital Asset Servicing, Inc.
Fora Financial
242 W. 36th St.
New York, NY 10018

G&A Partners
17220 Katy Fwy #350
Houston, TX 77094

Team Industrial Services Inc.
PO Box 842233
Dallas, TX 75284-2233

LB Foster Ball Winch
PO Box 643343
Pittsburgh, PA 15264-3343

Herc Rentals
PO Box 650280
Dallas, TX 75265-0280

IRIS NDT, Inc.
1115 W. 41st St.
Tulsa, OK 74107

Adobe Equipment
7607 Wallisville Rd.
Houston, TX 77020

Praxair
102101 – 45 North Freeway
Houston, TX 77037

Texas Pipe & Supply Co.
PO Box 301052
Dallas, TX 75303-1052

Bendco, Inc.
801 Houston Avenue
Pasadena, TX 77502

| | |
|---|---|
| Pasadena ISD<br>PO Box 1318<br>Pasadena, TX 77501 | Harris County Tax Assessor<br>PO Box 4622<br>Houston, TX 77210 |
| ETH Service Corporation<br>7527 Morley<br>Houston, TX 77061 | J.W. Lowes, III<br>4332 Teravista Club Dr., Unit 23<br>Round Rock, TX 78665 |
| Powersave Solutions<br>1214 Ridgley Dr.<br>Houston, TX 77055 | Trilogy Machinery Inc.<br>4601 Richlynn Dr.<br>Belcamp, MD 21017 |
| Miles Service Corporation<br>2915 Preston St.<br>Pasadena, TX 77502 | Texas State Comptroller<br>PO Box 12548<br>Austin, TX 78711-2548 |